**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ALEXIS TAMBERG,** | : | **1:19-Cr.-00138(TSC)** |
| | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

Defendant Alexis Tamberg pled guilty to transmitting in interstate commerce, a communication, and the communication contained a threat to injure the person of another, namely, the President of the United States with knowledge that the communication would be viewed as a threat, in violation of 18 U.S.C. § 875(c).

For the reasons stated herein and for any additional reasons offered at the sentencing hearing, the United States respectfully requests that the Court sentence the defendant to time served (164 days), with a three year period of supervised release on the condition that the first 136 days of supervised release be in community confinement or home detention with "special conditions" as noted in paragraph 6 of the presentence report.

**FACTUAL BACKGROUND**

On April 17, 2019, the defendant posted on his Facebook page that he wanted to kill the President of the United States, Donald J. Trump. The threats included the following:

I WILL KILL DONALD J. TRUMP; MAKE AMERICA GREAT AGAIN KILL DONALD TRUMP YES WE CAN; Donald J. Trump I AM GOING TO KILL YOU FOR MY FLAG.   COME AND GET ME YOU COWARD; I WILL BREAK THEM SEEK VENGEANCE

FOR MY BROTHER Donald J. Trump Alexandria Ocasio-Cortez your fates are one in the same; KILL FOR GAIN. SHOOT TO MAIM. WE DON'T NEED A REASON TO WAR AGAIN…; Welcome Alexandria Ocasio-Cortez.   There's room in MAGA meat grinder for you too.   Barack Obama allows it.   STOP BEING SMART-GIRL-TRUMP. I FUCKING HATE YOU FOR COMPROMISING US.   CLIMATE CHANGE LEGISLATION IS A JOKE THANKS TO YOUR STUPID RGB COSTUME.   Alexandria Ocasio-Cortez lets go bitch, im not afraid of you.   I've already threatened the lives of Obama, Clinton and Trump.   THE FEDS AIN'T COMING. THEY HAVEN'T FOR YEARS. GET THE FUCK OFF OF INSTAGRAM YOU STUPID C***.

   After reviewing screenshots of the Facebook posts, United States Secret Service (USSS) agents responded to the defendant's home to interview the defendant regarding the threats. Immediately after identifying themselves as USSS Special Agents, defendant Tamberg began ranting about the "deep state," Russian collusion, and wanting to see POTUS Trump killed. Defendant Tamberg, who spent the duration of the interview shaking with clenched fists, described himself as a "State Department kid" who traveled back and forth between the US and foreign countries for his father's career. For that reason, he believes he himself is the Russian collusion.

   Defendant Tamberg admitted that he posted the messages and that he intended that they be taken seriously. He explained that he makes his posts when he becomes angry at the news he hears on television and online. The defendant also told the agents that he knew he had to post them online so they would be taken seriously, and that he meant what he said. He knew the consequences, knew authorities would see them because he believes he is being watched by Russians and Nazis. In response to being asked if he wanted to harm POTUS Trump himself, he

said the Russians want him to kill POTUS Trump but he did not want to do it himself. He further stated that he would be willing to die to see POTUS Trump die. Defendant Tamberg told agents that he hates POTUS Trump and wants to see him killed by either former President Obama (FPOTUS) or the "deep state." He advised that he hates POTUS Trump because he's racist and targets Obama's birth certificate.

During the interview, the defendant advised the Secret Service agents that he has struggled with issues.   The defendant's mother subsequently provided additional information about the defendant's behavior.

 Based on those posts, the defendant was arrested on April 19, 2019, on an arrest warrant and criminal complaint charging him with one violation of 18 U.S.C. Section 871 (threatening to kill or injure the President of the United States); and one violation of 18 U.S.C. Section 875(c) (threats in interstate communications).

On April 24, 2019, the government returned an Indictment charging the defendant with one count of violating 18 U.S.C. § 871 (Threats Against the President) and one count of violating 18 U.S.C. § 875(c) (Transmitting Threats in Interstate Commerce).   On March 12, 2020, the defendant entered a plea to Count II of the Indictment.

## ARGUMENT

"As a matter of administration and to secure nationwide consistency, the Sentencing Guidelines should be the starting point and the initial benchmark" for determining the defendant's sentence.   *Gall v. United States,* 128 S.Ct. 586, 596 (2007). The government's recommendation of time served is based in part on the fact that such a sentence properly reflects the accumulated wisdom and expertise of the Sentencing Commission, and serves the vital goal

of uniformity and fairness in sentencing. While, to be sure, "[i]n accord with 18 U.S.C. §

3553(a), the Guidelines, formerly mandatory, now serve as one factor among several courts must

consider in determining an appropriate sentence," *Kimbrough v. United States*, 128 S.Ct. 558,

564 (2007), it remains the case that "the Commission fills an important institutional role:   It has

the capacity courts lack to 'base its determinations on empirical data and national experience,

guided by a professional staff with appropriate expertise,'" *id.* At 574 (quoting *United States v.

Pruitt*, 502 F.3d 1154, 1171 (10th Cir.2007) (McConnell, J., concurring)). The Supreme Court

"accordingly recognized that, in the ordinary case, the Commission's recommendation of a

sentencing range will 'reflect a rough approximation of sentences that might achieve §3553(a)'s

objectives.'" *Kimbrough*, 128 S.Ct. at 562-63 (quoting *Rita v. United States*, 127 S.Ct. 2456,

2465 (2007)).

## GUIDELINES CALCULATIONS

The Probation Office has determined that defendant Tamberg's guideline offense level is

12. His base offense level is 12.   U.S.S.G. § 2A6.1. Because the offense involved a single

instance evidencing little or no deliberation, his base offense level is decreased by four levels

pursuant to U.S.S.G. § 2A6.1(b)(6). The offense level is increased by 6 levels because there was

an official victim pursuant to U.S.S.G. § 3A1.2(b). The government agrees that the defendant has

accepted responsibility for the offenses of conviction, decreasing the offense level by two

pursuant to U.S.S.G. § 3E1.1(a). The resulting offense level is 12.

The Probation Office has determined that the defendant has a criminal history score of 0

establishing a criminal history category of I.   The resultant sentencing guidelines range is 10 to

16 months, and the fine range is $5,500 to $55,000 pursuant to U.S.S.G. § 5E1.2(c)(3).

4

**A SENTENCE OF TIME-SERVED IS WARRANTED UNDER 18 U.S.C. § 3553 (a)**

When weighing the § 3553 factors as part of its calculus of an appropriate sentence, the Court should consider not only the nature and circumstances of the offense and the history and characteristics of the defendant, but also the applicable sentencing objectives – that is, that the sentence should: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment; (4) afford adequate deterrence; (5) protect the public; and (6) effectively provide the defendant with needed education or vocational training and medical care. *See* 18 U.S.C. § 3553 (a)(1) and (2). In addition, the sentence should reflect "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

A.     <u>**Defendant Tamberg's Personal History and Characteristics**</u>

The defendant has an extremely supportive mother but lacks any significant social attachments; as he explained to Secret Service agents, he finds making friends difficult and others, including co-workers, often find him difficult and/or offensive. Indeed, it was a Facebook acquaintance of the defendant's with whom he had not spoken in approximately ten years who notified law enforcement out of concern over the posts. Likewise, former professors of the defendant were so concerned by nonsensical emails the defendant sent to them shortly before his arrest, that they notified the university even though he was no longer a student there.

The defendant has previously made threats to injure others.  The defendant attended the University of Mary Washington, and during the periods of his attendance, there were several incidents of concern regarding the defendant's mood, behavior, and statements.  The situation

5

culminated with him being administratively withdrawn from enrollment for all of the 2014 summer session and banned from University housing for posting threats on his Facebook account about wanting to go to campus and "fire off some rounds."   He attributed the remarks to his mood problems and insecurities.   At the time, he stated that he did not actually mean the comments as a threat, but rather to "scare people and have them leave him alone."

The defendant was also arrested for assaulting his mother in 2014. During an argument, the defendant erupted in anger and began throwing papers, folders, and other small items at his mother, some of which hit her.   He then proceeded to tear apart the kitchen, removing and throwing all the items from the cabinets and refrigerator.   The charge was subsequently dismissed.

The defendant has a history of acting out when his mood is off.   He also becomes angry when watching the news concerning politics. The defendant has somehow recently managed to control his anger in this current political environment and has not repeated the threatening behavior.

**B.   The Nature and Circumstances of the Offense and Defendant Tamberg's Acceptance of Responsibility Warrant a Time Served Sentence**

Threatening to kill the President of the United States is a serious offense. The postings were taken seriously not only by law enforcement but also by an acquaintance of the defendant that was genuinely concerned and contacted the authorities. The defendant expressly told Secret Service agents that he intended the posts to be perceived as threats and that he specifically posted them online so they would actually be taken seriously. This is in contrast to his prior postings of threats on Facebook 2014 that he stated were meant to intimidate others and make them stay away from him.

6

The recommended sentence will reflect the seriousness of the offense, promote respect for the law and provide just punishment.   Defendant Tamberg has accepted full responsibility for his criminal conduct and having spent months away from home, he fully appreciates the seriousness of his crime.   Accordingly, a sentence of time served followed by home confinement is adequate to reflect the seriousness of the offense, promote respect for the law, provide just punishment and serve as an adequate deterrence for others contemplating making threating interstate communications.

Moreover, additional incarceration is not necessary to protect the public from further crimes of the defendant. The defendant has support at home and receives medical treatment that has altered his behavior in a positive way.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the United States of America respectfully requests that the Court sentence the defendant to time served (164 days), with a three year period of supervised release on the condition that the first 136 days of supervised release be in community confinement or home detention with "special conditions" as noted in paragraph 6 of the presentence report.

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY
New York Bar No. 4444188

Date: August 10, 2020                    By: /s/ Brenda J. Johnson
                                         Brenda J. Johnson
                                         Assistant United States Attorney
                                         D.C. Bar No. 370737
                                         National Security Section
                                         555 Fourth Street NW
                                         Washington, D.C. 20530
                                         (202) 252-7801
                                         brenda.johnson@usdoj.gov

8